[Crim. No. 6928.   Second Dist., Div. One.   June 10, 1960.]

THE PEOPLE, Respondent, v. JAMES WILLIAM SANDERS, Appellant.

Harold J. Ackerman for Appellant.

Stanley Mosk, Attorney General, Elizabeth Miller and Clara E. Kauffman, Deputy Attorneys General, for Respondent.

FOURT, J.—This is an appeal from the judgment of conviction for bookmaking and a purported appeal from the sentence.

In an information filed in Los Angeles County the defendant was charged in three counts of violating the provisions of section 337a of the Penal Code. Count 1 charged a violation of subdivision 1 of said code section in that defendant was, among other things, engaging in bookmaking. Count 2 charged a violation of subdivision 2 of said code section and set forth among other things that the defendant was in effect occupying a place for the purpose of bookmaking and Count 3 charged a violation of subdivision 3 of said code section and set forth in effect that the defendant received money bet on a horse race. No prior convictions were charged in the information. A jury trial was waived. The judge found defendant guilty of Counts 1 and 3 and not guilty as to Count 2. An application for probation was made and denied and the defendant was sentenced to jail for nine months.

A résumé of the facts is as follows:

At about 2:30 p. m. on May 6, 1959, Officer Donald Williams of the Los Angeles Police Department, dressed in a fireman's dungaree outfit and a fireman's cap entered the place of business which purported to be a clothes cleaning establishment located at 242 West Florence Street. The officer saw the defendant at such place and talked with him about fire prevention and other matters and after some time had elapsed the officer told the defendant that he had been talking with a man named "Don" who worked in a store across the street and that such man had said that "he was taking action." The officer further said to the defendant, "Some of the boys and myself would like to play, would it be all right if we played with you?" and the defendant answered, "All right" and "Yes, you can play with me anytime." The officer then said, "Well, I would like to bet down on Money Maker in the 5th at Tanforan today" and the defendant said, "O.K. I will take it." The officer then said, "I want $5.00 to win on Money Maker in the 5th" and the defendant repeated, "$5.00 to win on Money Maker." The defendant asked the officer what his initials were and the officer said "D.W." and that his first name was "Don."

Officer Williams gave the defendant a $5.00 bill which the defendant took in his hand. He then walked to the back portion of the place. The officer left through the front door.

Officer Williams and his partner were experts in the manner and means in which bookmaking is carried on in Los Angeles County. The officer stated that Tanforan race track was in the United States, that the Daily Reporter indicated that a horse named "Money Maker" was to run in the fifth race on May 6, 1959, at the Tanforan Track. He also stated that the phrase "taking action" means in the vernacular taking a wager.

At about 3 p. m. Officer Williams and Officer Clapp, with another officer went back to the place where the defendant was located. Officer Clapp saw the defendant looking at him through a screened opening and when the officers went into the back room they found the defendant with a green sponge in his hand wiping the surface of an enamel disk. There were three other people in the back room, one of whom was seated at a table looking at a copy of the Daily Racing Form, another who was standing by a table with two one dollar bills in one hand and a copy of the National Daily Reporter in the other. There was a telephone in the back room and a pay-type telephone on the wall in the front room. Officer Clapp picked up

several small pencils and some copies of the National Daily Reporter. The defendant was searched and was found to have a key in his possession which actuated the lock in the front door.

The telephone rang while the officers were present and Officer Clapp answered by saying, "Yes." A male voice then stated, "This is B.D. And in the 6th at Tanforan I want No. 4. $2 across and the 7th, No. 5, $2 to win." Officer Clapp answered, "O.K." and then the voice stated, "This doesn't sound like Jimmy. Where is he?" and Officer Clapp stated, "He is downtown at the corner getting a sandwich. I am handling the store while he is gone." The male voice then stated, "O.K. Just make sure I am down." and the officer answered, "You are."

The officer stated that in his opinion the caller on the telephone was placing a wager on a horse running in the fourth handicap position in the sixth race at Tanforan on that date and that he was betting $2.00 to win, $2.00 to place and $2.00 to show that such a horse would come in. He was also placing another wager on a horse scheduled to run in the fifth handicap position in the seventh race at Tanforan of that day, a $2.00 to win wager. Officer Clapp also stated that the sponge and disk were used in bookmaking activities.

The defendant admitted that Officer Williams offered him $5.00 but said that he refused; he also admitted that after his arrest a girl came running into the establishment saying, "I won, I won, I just won." He also admitted knowing that the people in the back room were gambling or making wagers and admitted knowing that the scratch sheets were present.

Counsel for defendant stated to the court, in answer to a question put by the court, that there was no question with reference to the search or seizure and that there was no need to go into that phase of the case. The appellant now contends: (1) that the conviction was obtained by fraudulent conduct on the part of the officers and is violative of public policy and (2) that the evidence was insufficient as a matter of law to sustain the judgment.

Considering the first contention of the appellant it must be pointed out that no objection was made to any of the evidence upon the grounds that there was an illegal search or seizure or that there was any fraud involved upon the part of the officers or that there was any entrapment. Indeed, as heretofore indicated, counsel for the defendant stated that there was no question with reference to the search, seizure and

arrest. ▉ Appellant cannot on appeal for the first time object to the introduction of the evidence in the trial court. (*People* v. *Shannon,* 147 Cal.App.2d 300, 303 [305 P.2d 101]; *People* v. *Mann,* 148 Cal.App.2d 851, 854 [307 P.2d 684]; *People* v. *One 1956 Porsche,* 175 Cal.App.2d 251, 255-256 [345 P.2d 986].) A review of the record shows that the trial judge made proper rulings upon the objections made by counsel for the defendant.

The appellant cites several federal cases on the law of searches and seizures which, under the circumstances, are not binding upon this Court. See *People* v. *Goldberg,* 152 Cal.App.2d 562 [314 P.2d 151], where the officer posed as a person other than a law enforcement officer and used a concealed recording device in recording a conversation with the defendant. Also see *People* v. *Nunn,* 46 Cal.2d 460 [296 P.2d 813], where an officer used a false name and address in attempting to buy narcotics from a physician and it was held that the misrepresentation was not fatal to the case of the prosecution.

We think that there was no violation of any public policy of this state in this case and if there was any such violation it was not sufficient to warrant a reversal of the judgment.

Appellant asserts in effect that the officer was an accomplice in that he also was engaged in wagering and that therefore he, the defendant, should be released. There is no merit to such a contention. ▉ "An officer who feigns complicity in the commission of a crime for the mere purpose of securing evidence upon which to prosecute the offender is not an accomplice." (*People* v. *Calvert,* 93 Cal.App. 568, 572 [269 P. 969]; *People* v. *Heusers,* 58 Cal.App. 103, 104 [207 P. 908].)
▉ And, as said in *People* v. *Keseling,* 35 Cal.App. 501 at page 504 [170 P. 627]: "Whenever the commission of a crime by one person involves the co-operation of another person, the latter becomes an accomplice only in the event that his co-operation in the commission of the crime is corrupt."

There was no entrapment involved in this case. ▉ In any event such a defense cannot be raised for the first time on appeal. (*People* v. *Lollis,* 177 Cal.App.2d 665, 670 [2 Cal.Rptr. 420]; *People* v. *Branch,* 119 Cal.App.2d 490, 495 [260 P.2d 27].) The defendant denied ever committing the act or making the wager or receiving any money.

▉ As to the appellant's second contention to the effect that the evidence is insufficient to sustain the judgment. A

reading of the facts as heretofore related belies such contention.

The real truth of the case was brought to light at the time of the sentencing of defendant when his counsel said to the court:

". . . Your Honor will recall the circumstances surrounding this particular arrest. There was one bet accepted by this defendant from the officer. There was an indication, your Honor, that there were several other persons in the back of the particular room that were apparently likewise bookmaking. The defendant apparently was working for someone else, your Honor. . . ."

The purported appeal from the sentence is dismissed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 3, 1960.