[Crim. No. 11380. Second Dist., Div. Four. May 29, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLIE CARTER, Defendant and Appellant.

Ethelyn F. Black, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard D. Huffman, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with violation of Health and Safety Code section 11531 (sale or furnishing of marijuana), and Health and Safety Code section 11530 (illegal possession of marijuana). The public defender was appointed and defendant pled not guilty. On April 16, 1965, the case was called for trial and, on motion of defendant, trial was continued to May 10, 1965, time waived. On May 10, 1965, trial was moved from department 116 of the superior court to department 102 of that court for trial the same day. Defendant and all counsel waived trial by jury and defendant was found guilty. On June 4, 1965, motion for new trial was denied.

Francisco Chavez, a Los Angeles police officer, worked as an undercover agent for the Narcotics Division. On December 22, 1964, Chavez and Edward Valencia (a civilian) met defendant at the Belmont Grill where defendant asked Valencia

whether Valencia wanted to "buy some joints." Valencia agreed. At defendant's request, Chavez met him in the restroom of the grill where defendant gave Chavez six cigarettes in return for $3. Chavez booked the cigarettes with the property division at the Los Angeles Police Administration Building.

On December 28, 1964, Chavez and Valencia again met defendant. Defendant and Valencia had a conversation which Chavez could not hear. The three men and a man named Buzzard (an undercover officer) went to 6th and San Pedro at defendant's request where Chavez paid defendant $5 for nine cigarettes.

On December 31, 1964, Chavez and Valencia had two separate transactions with defendant. Defendant asked Chavez and Valencia if they were looking for some "stuff." Valencia gave defendant two $1.00 bills and Chavez gave defendant 50 cents. At the close of this transaction Valencia inquired if defendant had more. Valencia and Chavez went to defendant's apartment where another sale took place. The cigarettes were later booked into evidence.

Upon close of examination and cross-examination of Chavez, defendant's counsel moved that Chavez' testimony be stricken on the grounds that Valencia could not be found.

Robert Drees, a police officer, testified that he arrested defendant based on a description by Chavez. He advised defendant of his constitutional rights,[1] then took defendant to the police building, searched him, found cigarettes, and asked him if he had any more "weed" on him, and defendant said "yes." More cigarettes were found and marked into evidence as exhibits. It was stipulated that if certain expert chemists had been called they would have testified that the exhibits contained marijuana. Counsel objected to exhibits 1 through 4 on the ground that Valencia was not produced as a witness.

Defendant asserts that he did not sell the cigarettes. ▌ Where sufficiency of the evidence is challenged the appellate court must affirm if the record contains substantial evidence of all the elements of the crime. (*People* v. *Groom* (1964)

---

[1] The officer did not testify explicitly as to the content of the warning given to defendant. However, after a brief and inconclusive attempt to secure testimony as to exactly what had been said, defense counsel dropped the matter. No objection to the introduction of defendant's statements was made on the *Dorado* ground, the only objection made being on the ground that Valencia had not been produced by the People. Since the trial, held on May 10, 1965, was long after the announcement of the *Dorado* rules, defendant cannot now object to the conclusionary form in which Officer Drees' testimony was cast.

60 Cal.2d 694, 696-697 [36 Cal.Rptr. 327, 388 P.2d 359] ; see also *People* v. *Newland* (1940) 15 Cal.2d 678 [104 P.2d 778].) In the case at bench, the testimony of Officer Chavez provides sufficient evidence to sustain the conviction.

Defendant asserts that the arresting officer did not advise him of his constitutional rights and that certain parts of Officer Chavez' testimony were not correct. The arresting officer testified that he advised defendant of his rights. Credibility of a witness is for the trier of fact (*People* v. *Tostado* (1963) 217 Cal.App.2d 713, 718 [32 Cal.Rptr. 178]), and since the court below believed both officers, the appellate court will not interfere, nor have we any reason to do so.

Defendant claims that he was harassed by Officer Chavez and suggests that, because the public defender who represented him at the preliminary examination was also named Chavez, there might have been some collusion. He also claims that he was wrongfully detained by Officer Drees after the arrest. None of these matters appear in the record of the proceedings in the trial court; we can consider on appeal only matters presented by the record made there. (*People* v. *Merriam* (1967) 66 Cal.2d 390 [58 Cal.Rptr. 1, 426 P.2d 161] ; *People* v. *Justice* (1959) 167 Cal.App.2d 616, 621-622 [334 P.2d 1031].)

At the trial, defendant was represented by a different public defender. Although he suggests that that attorney did not see that he had a fair trial, a reading of the record discloses an effective representation, based on the only matters which could legitimately have been urged.

Defendant objects that, on April 16, 1967, a continuance was granted over his objection. However, the record reveals that defendant's own attorney asked for a continuance and that the defendant specifically agreed to it.

Defendant asserts that he was denied a fair trial in refusing to strike the testimony of Officer Chavez and in admitting the exhibits, on the ground that Eddie Valencia, the only other witness, was not cross-examined or put on the stand. The cases relied on by defendant (*Douglas* v. *Alabama* (1965) 380 U.S. 415 [13 L.Ed.2d 934, 85 S.Ct. 1074] ; *Pointer* v. *Texas* (1965) 380 U.S. 400 [13 L.Ed.2d 923, 85 S.Ct. 1065] ; and *People* v. *Kiihoa* (1960) 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673]), do not support defendant's position that the prosecution must find a particular witness and put him on the stand, and all three cases dealt with situations not applicable here. The prosecution is not required to put on any particular

evidence or call a particular witness so long as all material evidence bearing thereon is fairly presented in such a manner as to afford the defendant a fair trial. (*People* v. *Kiihoa, supra* (1960) 53 Cal.2d 748, 752; *People* v. *Tuthill* (1947) 31 Cal.2d 92, 98 [187 P.2d 16].)

■ Defendant attempts to raise the defense of entrapment for the first time on appeal. The issue of entrapment must be decided by the trier of fact. (*People* v. *Tostado, supra* (1963) 217 Cal.App.2d 713.) ■ Furthermore, there is no entrapment if the allegedly entrapping officer uses no more persuasion than is necessary to an ordinary sale, and defendant is ready and willing to make the sale. (*People* v. *Tostado, supra.*)

■ Defendant objects that his trial was transferred from department 116 to department 102. The law is clear that a case may be transferred to another department. The court said in *People* v. *Echols* (1954) 125 Cal.App.2d 810, 815 [271 P.2d 595], that it is the duty of the criminal courts to expedite trial, and if necessary to assign the case to another department if busy. Also it has been held that if a case is transferred from one department to another, the judge in the new department may properly exercise jurisdiction. (*People* v. *Marshall* (1960) 184 Cal.App.2d 535 [7 Cal.Rptr. 589].)

■ Defendant asserts that there is no showing that defendant was warned of his rights as set forth in *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. The *Miranda* ruling is limited to trials that began after June 13, 1966 (*People* v. *Rollins* (1967) 65 Cal. 2d 681 [56 Cal.Rptr. 293, 423 P.2d 221]), and therefore has no application to the case at bench.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.