FOURT, J.
 

 This is an appeal from a judgment of conviction of possessing marijuana.
 

 In an information filed in Los Angeles on June 18, 1965, defendant was charged with a violation of section 11530, Health and Safety Code, in that she did have possession of marijuana on about April 1, 1965. She pleaded not guilty. Defendant made a motion to quash the search warrant and that matter was argued before the court and the motion was denied. The cause was then called for trial and each side stipulated to the waiver of a jury trial and it was also stipulated that the “. . . [cjourt may read and consider the transcript of this preliminary hearing; [i] t be deemed the witnesses there sworn and testified appear here under oath and testify as they did at the time of the preliminary hearing; [t]hat all motions, objections, and stipulations entered into be in force and effect before this Court.' ’
 

 The court read the record and found defendant guilty as charged. An application for probation was made and the same was granted. On January 14, 1966, the imposition of sentence was suspended, defendant was placed on probation for two years upon the conditions, in part, that she pay a fine of $200, not possess any narcotics and stay away from places where addicts congregate, not associate with users or sellers, maintain lawful employment and obey the laws. On the same date she noticed her appeal. A timely notice of appeal was filed.
 

 Police officers of the Los Angeles Police Department secured a search warrant to search the dwelling house at the rear of 9034 Dorrington Avenue, Los Angeles. Officer Bennett of the Los Angeles Police Department and Deputy Sheriff Serio went to the house at about 2 p.m. on April 1, 1965. As Officer Bennett approached, the door of the house was opened by a boy who later was found to be a juvenile. Officer Bennett told the boy who he was by saying, “. . . ‘I’m a police officer, City of Los Angeles. ’ ” and attempted to show the boy the search warrant for the location. The boy attempted to slam
 
 *471
 
 the door; however, the officer held the door open with his foot while he obtained his badge and the search warrant and exhibited them to the boy. Defendant was seen in the house at about this time and the officers entered the house.
 

 Officer Bennett inquired of defendant as to who lived at the address and she responded that she did, whereupon Officer Bennett attempted to hand her a copy of the search warrant. She then moved near a wall of the room and attempted to move a large painting of some sort. As she turned around she dropped a large ash tray to the floor, spilling a large amount of debris which appeared to be marijuana. When the ash tray dropped, Officer Bennett asked his officer partner, “What is that? It looks like marijuana.” and defendant answered, “ ‘Yes, it is.’ ” Defendant was then placed under arrest. She was handed a copy of the search warrant. She also was told that she had a right to have an attorney, a right to remain silent and that if she did make any statements they could be used against her in court. She volunteered the statement that she understood her rights. The officers then searched the premises and they found, in addition to the marijuana from the ash tray, 22 grams of marijuana, 4 marijuana roaches and a pipe containing marijuana debris.
 

 Appellant now asserts that the affidavit in support of the search warrant was not sufficient as a matter of law.
 

 Present counsel for defendant represented her at the preliminary hearing. The transcript of that hearing shows that at that time no contention was raised as to the validity of the search warrant and that counsel stated in answer to a query from the judge, “Any objection?” and with reference to receiving the marijuana into evidence, “No, your Honor. ’’ The marijuana was then received into evidence.
 

 The record discloses that at the time of the trial counsel for defendant proceeded in an effort to have the search warrant quashed although we find no place in the record where he stated such in so many words. The minutes of December 17, 1965, recite, “. . . Motion of defendant to quash the search warrant is argued and denied.” The court, after hearing argument on whether the affidavit was sufficient to support the issuance of the warrant said, “I think the affidavit was sufficient. The motion to quash the search warrant is denied. ’ ’ Counsel for defendant then said, ‘ ‘ That was the only defense. I had, your Honor. With respect to the ease itself the defendant will submit the case, your Honor.” The usual stipulation was then stated to the effect that it was deemed the witnesses
 
 *472
 
 at the preliminary hearing testified under oath as they did at such hearing and that all motions, objections and stipulations entered into would be in force and effect in the trial court. No other evidence was introduced.
 

 It is clear that appellant never did object to the introduction of the marijuana into evidence. “. . . Appellant cannot on appeal for the first time object to the introduction of the evidence in the trial court. [Citation.] ”
 
 (People
 
 v.
 
 Sanders,
 
 181 Cal.App.2d 677, 681 [5 Cal.Rptr. 498].)
 

 Furthermore, the officers in this case had a great amount of information about a prostitution ring which was operating in the area and that the occupant of the house in question was involved in such activities. The officers could quite properly go to the premises in the course of their investigation. They did go to the house and the door was opened by a (juvenile) boy who, upon hearing that the men were officers, furtively attempted to slam the door shut. A reasonable inference which the officers could draw under the circumstances, was that a crime was being committed in his presence, such as, for example, the admission of a minor to a house of prostitution (Pen. Code, § 309) or the contributing to the delinquency of a minor (Pen. Code, § 272). (See also Pen. Code, § 836, subd. 1.) In other words knowing what the officers knew and considering the circumstances here present, we believe a reasonable person could come to the conclusion that it was proper to enter whether or not they had the warrant.
 

 In any event, we believe the affidavit for the search warrant was sufficient and the warrant was properly issued and served. The affidavit was made by a Los Angles policeman on March 30, 1965, and is 147 legal-size pages in length. The warrant was issued because of prostitution activities. The affidavit sets forth that the original tip as to such activities came from a confidential reliable informant in the form of a list of names and telephone numbers of alleged call girls who subscribed to the services of the Hollywood Call Board. The affiant stated that acting upon the information thus received he caused an independent investigation to be made with reference to each person named on the list. The investigations disclosed that most of the listed persons had various aliases and past arrests, many of which were recent, for prostitution activities. Thereafter, affiant caused an investigation to be made by an undercover policewoman into the operations of the Hollywood Call Board. The undercover agent contacted Ted Oros, the president of the Hollywood Call Board, and he
 
 *473
 
 became an unwitting informer. Oros related facts of his own knowledge with reference to the activities of appellant in prostitution activities and the statements made by Oros to the undercover agent are set forth in considerable length in the affidavit. Oros related that he had known appellant for a long time, that he was familiar with her financial arrangements with the prostitutes who worked through her or for her, that he, Oros, had probably sent 20 girls to her, appellant, in the past and “never had one come back on me yet.” Oros told the undercover agent (who pretended to be a prostitute), that the latter need only to “ [j]ust tell her [appellant] Ted from the exchange sent you and she’ll [appellant] know what it’s all about. ’ ’
 

 The undercover agent also talked with Mrs. Oros and the latter stated that appellant had been a good friend of hers for years which tended to corroborate the fact that there was a close relationship between appellant and the 0roses, thus giving added credence to their statements. The appellant had a number listed with the exchange or call board and a secret number (125) issued by the exchange to her. The policewoman talked with appellant over the telephone in effect with reference to going to work with or for her as a prostitute.
 

 There can be no doubt that when the information o'f the informant is coupled with the information secured by the independent police investigation plus the Or oses’ information there was probable cause to issue the search warrant for the address of the house where appellant lived. In fact it would be difficult to believe that appellant could have been engaged in anything other than prostitution activities.
 

 The affidavit and the warrant meet the federal standards. Pacts in great detail and length are stated as distinguished from mere conclusions.
 

 It is not required that the name of the informant be set forth. There are sufficient facts stated from which the issuing judge could reasonably determine that the informant’s information was credible and reliable. In other words the warrant in this ease was not issued upon the uncorroborated statements of an informer.
 

 It is not this court’s function to make a search for some reason to invalidate the warrant nor should we interpret the affidavit in a hypertechnical rather than a common sense manner. The determination of the trial judge binds this court as long as any reasonable man could have so found.
 
 (People
 
 v.
 
 Cruz,
 
 244 Cal.App.2d 137, 146 [53 Cal.Rptr, 354].)
 
 *474
 
 Each case must of course depend upon its own set of circumstances and state of facts.
 

 This court in this case under “Rules of Court” has called for and perused the original record. We note in the probation officer’s report a letter from appellant wherein she states, “I was in possession of marijuana at the time that the police officers came to my house in the rear of the lot at 9034 Dorrington, Los Angeles.” She admitted orally to the probation officer to the using of marijuana starting the early part of January 1965, and continuing to the time of her arrest, and further admitted, in effect, that for several years she had been involved in prostitution activities. The criminal identification record of appellant corroborates her statements.
 

 The judgment is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.