[Crim. No. 3908. Fourth Dist., Div. One. May 14, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS ALBERT CHAVEZ, Defendant and Appellant.

## COUNSEL

Robert B. Shanner, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Arnold E. Ogren, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Jesus Albert Chavez, convicted by a jury of selling LSD, appeals, contending the police entrapped him.

On March 14, 1969, in the afternoon, Buena Park police Undercover Agent Belding met defendant Chavez, Lawrence Lee Gray and a third person, all juveniles. Belding had not known Chavez before the afternoon meeting. About 7:30 p.m. the same day, Belding again met Chavez in the company of Gray and Peter Bryan Kelly outside a teenage nightclub. Belding asked Gray if he knew where Belding could "score some acid,"

i.e., purchase LSD. Kelly broke into the conversation, saying he had hashish hidden away but Belding would have to take him to it if he wanted to buy it.

Belding drove defendant Chavez, Kelly and Gray to where the hashish was supposed to be hidden. However, Kelly could not find the hashish which he said was hidden in an ivy patch.

At that point Chavez said, "Well, let's go and get my stash," i.e., cache of narcotics. On foot, Chavez took Belding to another location, where Chavez reached under a rock in a flower bed and took out a cellophane wrapper containing two LSD tablets which he placed in his right coat pocket. En route back to the car, Belding asked defendant what he had. Defendant stated he had acid, which he wanted to sell to two girls, but they had not shown up, so he would sell it to Belding. After bargaining for price, defendant sold the drug to Belding for $7.

Defendant as a witness denied having possessed or sold the drug and having received money from Belding.

Chavez contends (1) he was entrapped by Officer Belding as a matter of law, and (2) the court should have instructed the jury on entrapment on the court's own motion.

■ Chavez did not raise the issue of entrapment in the court below and may not raise the issue for the first time on appeal (*People* v. *Johnson,* 276 Cal.App.2d 232, 236 [80 Cal.Rptr. 683]; *People* v. *Dickerson,* 270 Cal.App.2d 352, 364 [75 Cal.Rptr. 828]; *People* v. *Oatis,* 264 Cal.App.2d 324, 327 [70 Cal.Rptr. 524]).

■ Moreover, even had the issue been preserved below, we find no evidentiary basis for giving an instruction on entrapment. Belding first asked Gray (not defendant Chavez) if Gray knew where he could buy LSD. Kelly (not Chavez) volunteered he could supply Belding with hashish. After Kelly could not find his hashish, Chavez volunteered he could supply LSD which, from the only testimony on the subject, he had intended to sell to someone else. Belding at no time asked Chavez about supplying narcotics. ■ The fact an officer appears to cooperate by furnishing an opportunity or otherwise aiding an offender to facilitate the consummation of a criminal act is no defense (*People* v. *Meacham,* 256 Cal.App.2d 735, 746 [64 Cal.Rptr. 362]).

■ Entrapment may be asserted as a defense by a defendant who nevertheless denies every element of the offense (*People* v. *Perez,* 62 Cal.2d 769 [44 Cal.Rptr. 326, 401 P.2d 934]; *People* v. *Monteverde,* 236

Cal.App.2d 630, 640 [46 Cal.Rptr. 206]). However, in the case at bench the only evidence on the subject, which came from Belding, was such that an instruction on the subject was not called for on the court's own motion.

The evidence does not show entrapment as a matter of law.

Judgment affirmed.