[Crim. No. 963. Fifth Dist. Sept. 22, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY WAYNE GOSSETT, Defendant and Appellant.

## COUNSEL

Roslyn Robbins Dienstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Nelson P. Kempsky and Edward W. Bergtholdt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Defendant appeals from a judgment entered pursuant to a jury verdict finding him guilty of a violation of section 11501 of the Health and Safety Code, unlawfully furnishing a narcotic, heroin. Since he does not challenge the sufficiency of the evidence to support the finding that he furnished a narcotic, the facts may be briefly stated.

Working with the police department, an undercover agent submitted to a strip search, was given $50 with which to purchase narcotics, and was driven by Officer Ortiz to the vicinity of a pool hall in Fresno. There he met

defendant, who he knew was dealing in narcotics, and asked him if he was "holding," meaning, did he have any narcotics? Receiving an affirmative reply, the agent told him he wanted two half spoons, costing $50. Defendant said he had one-half of a half, costing $12, which the agent purchased and shortly thereafter delivered the heroin, contained in a balloon, to Officer Ortiz. Another police officer assisted Ortiz in the operation and the agent was constantly under surveillance by one or the other, or both of them; he had neither hand nor body contact with any person other than defendant.

Defendant did not testify, and did not put on any defense. He now argues that the evidence shows he was entrapped and the trial judge erred in not instructing, on his own motion, on that issue.

■ Entrapment may not be raised for the first time on an appeal. (*People* v. *Chavez,* 7 Cal.App.3d 637, 639 [86 Cal.Rptr. 788]; *People* v. *Dickerson,* 270 Cal.App.2d 352, 364 [75 Cal.Rptr. 828]; *People* v. *Carter,* 251 Cal.App.2d 400, 404 [59 Cal.Rptr. 394].) Were the point available, it would be meritless in the light of this record. ■ The burden rests upon an accused to prove by a preponderance of the evidence (*People* v. *Moran,* 1 Cal.3d 755, 760-761 [83 Cal.Rptr. 411, 463 P.2d 763]) that he was induced to commit the act for which he is on trial, and the issue is one for determination by the trier of fact (*People* v. *Walters,* 264 Cal.App.2d 834, 845 [70 Cal.Rptr. 766]; *People* v. *Tostado,* 217 Cal.App.2d 713 [32 Cal.Rptr. 178]), not by a reviewing court. ■ Where, as here, an agent of the police uses no more persuasion than is incident to any ordinary sale, and defendant, the seller, is ready, willing and able to furnish a narcotic substance, there is no entrapment. (*People* v. *Carter, supra,* 251 Cal.App.2d at p. 404.) The record shows only that the undercover agent afforded defendant an opportunity to engage in an illicit transaction (*People* v. *Walters, supra,* 264 Cal.App.2d at p. 845) and defendant seized upon the opportunity.

■ The trial judge had no duty to instruct on the theory of entrapment since defendant adduced no evidence establishing, or tending to establish, that he was a person lacking in intent to commit a crime or who was, "by persuasion or fraud, lured into its commission." (*People* v. *Meacham,* 256 Cal.App.2d 735, 744 [64 Cal.Rptr. 362].)

■ The further argument is made that the prosecution failed to show by a preponderance of the evidence, "defendant's predisposition to commit the offense charged," i.e., evidence of defendant's past crimes, criminal activities, prior disposition or pre-existing criminal intent to commit a violation of section 11501. Cited as authority is *Sherman* v. *United States,* 356

U.S. 369, 372 [2 L.Ed.2d 848, 851, 78 S.Ct. 819], wherein it is held that where a defendant raises the issue of entrapment, the prosecution may show that he is by reputation a criminal or that he has committed other similar crimes.

In *People* v. *Benford,* 53 Cal.2d 1 [345 P.2d 928], the California Supreme Court points out that *Sherman* deals with the federal rule but "In California, however, evidence that defendant had previously committed similar crimes or had the reputation of being engaged in the commission of such crimes or was suspected by the police of criminal activities is not admissible on the issue of entrapment." (P. 11.)

 Defendant's arguments that he was convicted on the uncorroborated testimony of an accomplice, the undercover agent, and that such conviction cannot stand in the light of Penal Code section 1111, are equally without merit. "It is settled law that a feigned participant is not an accomplice since his purpose in feigning complicity in the commission of a crime is to detect and prosecute the perpetrators thereof, and that his testimony need not be corroborated." (*People* v. *Hensling,* 205 Cal.App.2d 34, 40 [22 Cal.Rptr. 702]. To the same effect, see *People* v. *Sanders,* 181 Cal.App.2d 677, 681 [5 Cal.Rptr. 498].)

Here, the evidence shows that the undercover agent was working with and for the police, for pay; obviously he was a feigned accomplice whose purpose was to assist the police, not defendant. His testimony thus falls outside the ambit of section 1111 and it is unnecessary to show that his testimony was, in fact, sufficiently corroborated.

 Contrary to defendant's assertion that the heroin sold was not a usable quantity, the record contains substantial evidence that the heroin in the material furnished by defendant was a usable quantity. It is the rule that evidence of a *de minimis* quantity, consisting of useless traces or residue, of a narcotic substance is not sufficient to support a conviction for possession of narcotics (*People* v. *Leal,* 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665]; *People* v. *McCarthy,* 64 Cal.2d 513 [50 Cal.Rptr. 783, 413 P.2d 671]; *People* v. *Villalobos,* 245 Cal.App.2d 561 [54 Cal.Rptr. 60]) and the same rule has been applied to a sale of narcotics. (*People* v. *Blackshear,* 261 Cal.App.2d 65 [67 Cal.Rptr. 662].) But, here, the undercover agent, himself a heroin user, testified that the quantity he purchased from defendant would be one dose for an addict. The drug abuse chemist testified that the narcotic substance sold by defendant contained .022 grams of pure heroin, a usable quantity. The fact the parties to the transaction treated it as a salable quantity is evidence that it was a usable quantity.

(*People* v. *Blackshear, supra.*) Defendant introduced no evidence to controvert the testimony of the prosecution witnesses that the heroin here involved constituted a usable amount.

The judgment is affirmed.

Gargano, J., and Brown (G. A.), J., concurred.