Filed 10/13/15  P. v. Tuthill CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LESTER CLARENCE TUTHILL,<br><br>    Defendant and Appellant. | G050469<br><br>(Super. Ct. No. 96WF2856)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Richard Luesebrink, Judge.  (Retired judge of the Orange County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Warren J. Williams and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Lester Clarence Tuthill appeals from an order dismissing, in its entirety, his petition for recall of his two indeterminate life sentences under Penal Code section 1170.126 (all further statutory references are to this code unless otherwise designated), which was enacted as part of the Three Strikes Reform Act. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 6, pp. 109-110.)

Defendant argues the trial court erred because he remained eligible for resentencing on one of the two consecutive indeterminate life sentences imposed, even though he was ineligible for resentencing on the other. The Supreme Court has recently ruled this interpretation of section 1170.126 is correct. (*People v. Johnson* (2015) 61 Cal.4th 674.)

Because defendant's counsel did not make that split-eligibility argument in the trial court, he asks us to consider the point for the first time on appeal. He also argues, in the alternative, he is entitled to relief because his counsel was ineffective in failing to raise the issue below. He has made the ineffective assistance of counsel claim both in this appeal and by way of a separate petition for writ of habeas corpus.

As defendant's argument raises a pure issue of law on a clear record, we exercise our discretion to consider the point for the first time on appeal. And in light of the controlling Supreme Court authority, we reverse the order and remand the case to the trial court with directions to find defendant eligible for resentencing on his conviction for escape from the lawful custody of a peace officer without force (§ 4532), and to hold a hearing to determine whether "resentencing the petitioner [on that conviction] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

FACTS

In 1997, defendant was found guilty on four felony counts: (1) possession of a firearm by a felon (formerly § 12021, subd. (a), now § 29800, subd. (a)(1)); (2) possession of a short-barreled shotgun (formerly § 12020, subd. (a), now § 33210); (3) possession of controlled substance (Health & Saf. Code, § 11377, subd. (a)); and (4) escape from the custody of a peace officer without force (§ 4532, subd. (b).) The trial court also found true that defendant had a strike prior for assault with a firearm (§ 245, subd. (a)(2)), and four prison priors for robbery. (§ 211.)

The basic circumstances of defendant's offenses were that he was encountered by police in a motel room, after a police officer's routine sweep of the motel's parking lot revealed a car owned by someone with an outstanding warrant. The police officer linked the car with the room where defendant was located and knocked on the door. When defendant opened the motel room door, the police officer could see into the room behind him and spotted shotgun rounds and a stock on the bed. The officer then detained both defendant and the woman in the room with him (who was the subject of the warrant) and during a pat-down search of defendant, the officer found methamphetamine. The woman consented to a search of the room, which revealed the rest of the shotgun parts were under the bed.

During the police officers' search of the room, both defendant and the woman were handcuffed outside. Defendant attempted to flee, running the length of the motel corridor, down three flights of stairs and across the street. A police officer chased him and apprehended him hiding under a car.

The trial court sentenced defendant to a total of 54 years 8 months in state prison, comprised of consecutive terms of 25 years to life on count 1 and count 4, 8

months on count 3, and 1 year for each prison prior. The court apparently stayed imposition of any sentence on count 2, pursuant to section 654.

In March 2013, defendant filed a petition seeking recall of his sentence in accordance with section 1170.126. His petition asked the trial court to impose a new sentence reflecting the low term on count 1, and one-third of the midterm on counts 2 through 4.

The district attorney moved to dismiss the petition, arguing defendant was ineligible for resentencing under section 1170.126, subdivision (e)(2) because his possession of the shotgun meant he was "armed with a firearm" during the commission of the offense for which he was sentenced.

In the trial court, the parties focused their arguments on whether defendant's possession of a *disassembled* shotgun qualified as being armed during the commission of that crime for purposes of section 1170.126, subd. (e)(2). Because the court found it did, it denied defendant's resentencing petition: "as a convicted felon armed with a shotgun, I think that Mr. Tuthill is ineligible for resentencing, and I grant the district attorney's motion to dismiss."

Defendant appealed, asserting the court erred by dismissing his petition in its entirety because while he may have been "armed" during his commission of the offense of being a felon in possession of a firearm – rendering him ineligible for recall of the indeterminate life term imposed for that conviction – he was not armed during his commission of the escape, for which he had been sentenced to a separate consecutive indeterminate life term. Defendant argued he remained eligible for recall of the second indeterminate life term, even if he was ineligible for recall of the first.

In July of this year, while this appeal was pending, the Supreme Court decided *Johnson, supra,* 61 Cal.4th 674, 695, in which it concluded "resentencing is

4

allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent."

DISCUSSION

*1. The Resentencing law*

Section 1170.126 was enacted by voter initiative in 2012, as part of the Three Strikes Reform Act. (Voter Information Guide, *supra*, text of Prop. 36, § 6, p. 109.) Among the stated purposes of the initiative, as explained to voters, was to "[r]estore the Three Strikes law [sections 667 and 1170.12] to the public's original understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime." (*Id.* § 1, p. 105.)

In accordance with that goal, section 1170.126 provides persons who were previously sentenced to indeterminate life terms under an earlier version of the "Three Strikes" law the opportunity to petition for recall of their sentences and resentencing to the term that would have been imposed for their crime under the revised Three Strikes law passed by the voters in the form of Proposition 36. Consequently, the initial inquiry under section 1170.126 is whether an inmate who is already serving an indeterminate life sentence under the Three Strikes law would have been sentenced to that same indeterminate life term under the revised sentencing provisions of the Three Strikes Reform Act.

Subdivision (e) of section 1170.126 then details which inmates are "eligible" for resentencing, based upon what they were sentenced for originally. The first requirement is that "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent felonies . . . ." (§ 1170.126, subd. (e)(1).)

5

The second requirement is that "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) These cross-referenced offenses include offenses committed while the defendant was armed with a firearm or deadly weapon. And the third requirement relates to prior convictions, specifying that the eligible inmate "has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)

If the inmate meets these basic eligibility requirements, he or she must be resentenced in accordance with section 667, subdivision (e)(1) and section 1170.12, subdivision (c)(1) – i.e., to twice the term otherwise provided as punishment for the current felony – "*unless the court, in its discretion*, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f), italics added.) Thus, whether an *eligible* inmate actually *obtains* resentencing relief will depend upon the court's discretionary assessment of the inmate's dangerousness.

*2. Waiver*

As defendant acknowledges, his assertion that the trial court should have analyzed each of his two indeterminate life sentences separately for purposes of section 1170.126 was not one he explicitly made below. He notes that his "petition calls for resentencing on all counts," and thus implicitly suggests that each of the two counts for which he received indeterminate life sentences should be analyzed separately, but he then concedes his petition "does not exactly call the court's attention to the fact that there are

6

two indeterminate terms to be addressed." And he claims his trial counsel's failure to assert that important point in opposition to the district attorney's motion to dismiss was "deficient" because the language of the statue suggests that each indeterminate life sentence should be considered separately and there was no conceivable strategic reason not to advocate for it.

However, we need not address his claim of ineffective assistance of counsel because we conclude his claim of error can be addressed for the first time on appeal. "'Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.'" (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11; see *People v. Chavez* (1970) 7 Cal.App.3d 637, 639 [defendant could not assert defense of entrapment for the first time on appeal].) But it is also "well settled that when the issue raises a pure question of law, . . . we may consider the issue for the first time on appeal." (*Gilliland v. Medical Board* (2001) 89 Cal.App.4th 208, 219.) Thus, in *In re Sheena K.* (2007) 40 Cal.4th 875, 887, the Supreme Court explained that where "[a]n obvious legal error at sentencing . . . is 'correctable without referring to factual findings in the record or remanding for further findings[,]'" the error "is not subject to forfeiture."

Here, the Attorney General does not assert waiver, nor does she contend there are any disputed factual issues pertaining to defendant's claim he would be eligible for resentencing on his offense of escape, if considered alone. Instead, the Attorney General simply argues the trial court's dismissal order should be affirmed "because the existence of even one [disqualifying] conviction bars [a defendant] from resentencing on all of his other commitment offenses." And "[s]ince [defendant] was armed with a firearm during the commission of his offense of being a felon in possession of a firearm, he was ineligible for resentencing even if he was not armed with a firearm when he effected his escape."

In these circumstances, where the issue presented is a pure question of law, and no claim of waiver is asserted, we exercise our discretion to address defendant's claim on the merits. (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 436 ["where a legal argument was not raised in the trial court, we have discretion to consider it when the theory raised for the first time on appeal is a pure question of law applied to undisputed facts"].) And by order filed concurrently with this appeal, we deny as moot defendant's separately filed habeas petition.

*3. Johnson Compels Reversal*

Both defendant and the Attorney General have provided us with cogent, polished analyses of section 1170.126, urging us to interpret eligibility for resentencing in the manner which favors their position in this case. So had the Supreme Court not yet issued its opinion in *Johnson*, we would be faced with a difficult challenge.

But our task has been made easy by *Johnson*. There, the Supreme Court addressed the very situation presented in this case – a defendant whose sentence incorporated two consecutive indeterminate life terms, one for an offense which would otherwise be eligible for resentencing under section 1170.126, and another for a more serious offense which was not eligible. The court concluded section 1170.126 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson, supra*, 61 Cal.4th at p. 688.)

Applying *Johnson* here, as we are compelled to do, we reverse the trial court's order dismissing defendant's petition and remand the case for further proceedings to determine whether the indeterminate life sentence imposed on defendant for the

8

offense of escape should be recalled, and defendant sentenced to a lesser term on that count.

DISPOSITION

The order dismissing defendant's petition for resentencing under section 1170.126 is reversed. The case is remanded to the trial court with directions to find defendant eligible for resentencing on his conviction for escape from the lawful custody of a peace officer without force (§ 4532), and to hold a hearing to determine whether "resentencing the petitioner [on that conviction] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

9