[Crim. No. 8546. Fourth Dist., Div. One. Aug. 11, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
MITCHELL PELLEGRIN, Defendant and Appellant.

914

■■■■■■■■■■■■■

COUNSEL

Grimes & Warwick and Robert L. Grimes for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Jay M. Bloom, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Defendant Mitchell Pellegrin appeals his court-tried conviction of possessing concentrated marijuana (Health & Saf. Code, § 11357, subd. (a)).

Pellegrin contends: (1) the trial judge erred in finding the search warrant affidavit was sufficient to establish probable cause; and (2) the trial judge erred in failing to suppress the fruits of the search because the search warrant contained misstatements and omissions of which the affiant was aware. We conclude the affidavit upon which the search warrant was based was insufficient and therefore do not reach Pellegrin's second contention.

The search warrant issued July 6, 1976, was based on the affidavit of Gregory Miller. The affidavit is in substance: Miller is employed as a police officer by the San Diego Police Department. He has received training and experience identifying marijuana. "On July 2, 1976 . . . [he] received information that stated there were several live marijuana plants growing in the backyard of [Pellegrin's house]. At about 3:00 p.m. on July 2, 1976 . . . [he] went to the residence at the rear of [Pellegrin's house] and while there . . . [he] contacted the occupants and received their permission to view the backyard of [Pellegrin's house]. [He] was able to view in plain sight one 3 foot marijuana plant growing next to a fence at the rear of [Pellegrin's] residence. [He] did not have to jump or otherwise remove any impediments in order to view [the] plants [*sic*] from the rear of the neighbor's residence. The plant was in [Pellegrin's backyard]. Such plant did not appear to be growing wild." Miller then stated he knows individuals who cultivate marijuana, possess quantities of marijuana for personal use as well as other paraphernalia. These materials and contraband are often hidden within the residence, garages

---

\*Before Brown (Gerald), P. J., Cologne, J. and Staniforth, J.

■■■■■■■

and outbuildings of the person cultivating marijuana. Based solely on this information, a warrant was issued to search Pellegrin's home.

The question is whether the affidavit presented in support of the search warrant for Pellegrin's home was adequate to support the magistrate's conclusion reasonable cause existed to believe marijuana could be found in Pellegrin's home.

The Fourth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment (*Ker* v. *California*, 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623]), provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ."[1]

■ We recognize an affidavit is to be viewed as a whole in a common sense manner (*People* v. *Superior Court (Johnson)*, 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183]) and doubtful or marginal cases may be determined by the preference to be accorded warrants (*People* v. *Mesa*, 14 Cal.3d 466, 469 [121 Cal.Rptr. 473, 535 P.2d 337]). All reasonable legitimate inferences are to be indulged in to uphold the findings of the trial court (*Leonard* v. *Rose*, 65 Cal.2d 589, 593 [55 Cal.Rptr. 916, 422 P.2d 604]). A magistrate's finding which is supported by competent and relevant evidence will not be disturbed on appeal (*People* v. *Scoma*, 71 Cal.2d 332 [78 Cal.Rptr. 491, 455 P.2d 419]).

■ Nevertheless, we also recognize a warrant cannot stand, even with the aid of constructional guides, if the affidavit is not based on information from which the magistrate can make an independent determination of probable cause. An affidavit containing only opinions and conclusions will not support a finding of probable cause (*People* v. *Castro*, 249 Cal.App.2d 168, 171 [57 Cal.Rptr. 108]). The magistrate must be presented *facts and not conclusory statements if he is to perform his detached function and not become a rubber stamp for the police*. "The goal is to require an *informed* and deliberate review . . ." by a magistrate. (Italics added; *People* v. *Escamilla*, 65 Cal.App.3d 558, 562 [135 Cal.Rptr. 446].)

"In the search warrant context, the term 'probable cause' signifies a measurement of the likelihood that particularly described persons or

---

[1]Article I, section 13, of the California Constitution and Penal Code section 1525 are to the same effect.

things (§ 3.10) are to be found at the place to be searched." (Krause, Search and Seizure (Cont.Ed.Bar 1977) p. 98.) The facts presented to the magistrate must be "such as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain, a strong suspicion" the objects sought are at the premises to be searched (*People* v. *Stout,* 66 Cal.2d 184, 193 [57 Cal.Rptr. 152, 424 P.2d 704]).

■ The sufficiency and competency of the evidence presented in support of a warrant are questions of law (*People* v. *Scoma, supra,* 71 Cal.2d 332, 336). "The trial court also has the duty to decide whether, on the facts found, the search was unreasonable within the meaning of the Constitution. Although that issue is a question of law, the trial court's conclusion on the point should not lightly be challenged by appeal or by petition for extraordinary writ. Of course, if such review is nevertheless sought, *it becomes the ultimate responsibility of the appellate court to measure the facts, as found by the trier, against the constitutional standard of reasonableness.*" (Italics added; *People* v. *Lawler,* 9 Cal.3d 156, 160 [107 Cal.Rptr. 13, 507 P.2d 621].) Warrants should not be sustained "when to do so would dilute 'important safeguards that assure that the judgment of a disinterested judicial officer will interpose itself between the police and the citizenry.' [citation]." (*People* v. *Scoma, supra,* 71 Cal.2d 332, 336.)

■ Turning to the affidavit here, it states no facts from which a reasonable person could conclude Pellegrin's home contained "marijuana, including but not limited to bulk marijuana, kilos of marijuana, baggies of marijuana. . . ."

Miller observed one marijuana plant growing in a backyard. There is no question Miller has the requisite expertise to recognize marijuana, but that is the extent of Miller's expertise. The magistrate is not presented with any facts indicating marijuana was being cultivated in Pellegrin's backyard. Without a showing the marijuana was not growing wild there are no facts from which it can be inferred contraband was in Pellegrin's home. Miller's conclusory statement: "Such plant did not appear to be growing wild" was of no assistance to the magistrate. The United States Supreme Court in *United States* v. *Ventresca,* 380 U.S. 102 [13 L.Ed.2d 684, 85 S.Ct. 741], citing *Johnson* v. *United States,* 333 U.S. 10, 13-14 [92 L.Ed. 436, 440, 68 S.Ct. 367, 369], stated at page 106 [13 L.Ed.2d at page 687]: " 'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its

protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. . . .' "

The right of the people of the United States of America to be secure in the privacy of their homes is upon too solid a foundation to be undermined by what could well be a happenstance growing of one marijuana plant in a yard.

The judgment is reversed.