[Crim. No. 13265. Third Dist. Mar. 18, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH DALE BROWN, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Richard L. Phillips for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey, Esteban Hernandez, and Jane N. Kirkland, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EVANS, J.**—Defendant, charged with cultivating marijuana (Health & Saf. Code, § 11358) and possession of marijuana for sale (Health & Saf. Code, § 11359), pled not guilty and moved to dismiss the information (Pen. Code, § 995) and suppress the evidence (Pen. Code, § 1538.5). Both motions were denied. He then entered a negotiated plea of guilty to the cultivation charge, and the possession charge was dismissed. He appeals[1] pursuant to Penal Code section 1538.5, subdivision (m), contending the trial court erred in denying his motion to suppress. We shall affirm.

On June 30, 1982, Deputy Sheriff Clifford Schrader obtained a warrant to search for marijuana plants on the property of Richard Farrell.[2] Approximately six weeks earlier, Will Ott, who lived in the vicinity of Farrell's property, informed Schrader he had seen marijuana plants approximately two inches high growing on Farrell's land. Ott had noticed the plants when he moved an irrigation pipe lying across the road which led to the plants. On the date the warrant was obtained, Schrader and two other deputies entered the property and found approximately 100 marijuana plants but seized only 1; they left the others, hoping to apprehend the person or persons cultivating them. On July 3, pursuant to the same warrant, Schrader reentered the property in an attempt to apprehend the cultivator. No plants were seized on that date. The warrant was returned to the court on July 7, 1982.

On July 7, 1982, Schrader prepared another affidavit relating his observations of the property made on July 3 and June 30, and obtained a second search warrant. Schrader's stated intention was to observe the property until he saw someone on it, then enter with the warrant and make an arrest. He

---

[1]Defendant failed to state the grounds on which he was proceeding in his notice of appeal. However, since the error is not jurisdictional, we consider the appeal on its merits. (*People v. Engel* (1980) 105 Cal.App.3d 489, 494-495 [164 Cal.Rptr. 454].)

[2]Defendant was Farrell's tenant.

entered the property on July 17, but did not seize additional plants, or make an arrest. A third warrant was obtained on July 21, 1982. The affidavit supporting the warrant indicated Schrader had observed the property without entering it several times subsequent to the issuance of the second warrant. The latter warrant was executed July 28, 1982; the defendant was arrested and the plants seized at that time.

I

Defendant contends issuance of the original search warrant was based upon stale information, rendering it and the subsequent warrants invalid.

The California Supreme Court has set forth the general standard for determining whether information used in an affidavit is stale. "As a general rule, information is stale, and hence unworthy of weight in the magistrate's consideration of an affidavit, unless the information consists of 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' (*Sgro* v. *United States* (1932) 287 U.S. 206, 210 [77 L.Ed. 260, 263, 53 S.Ct. 138, 85 A.L.R. 108]; . . .) No clear cut rule, of course, tells us when the time span must be deemed too attenuated. 'The length of the time lapse alone is not controlling since even a brief delay may preclude an inference of probable cause in some circumstances while in others a relatively long delay may not do so. Nonetheless, there are obviously some limits.' (*Durham* v. *United States* (9th Cir. 1968) 403 F.2d 190, 194, fn. 6.)" (*Alexander* v. *Superior Court* (1973) 9 Cal.3d 387, 393 [107 Cal.Rptr. 483, 508 P.2d 1131].) The question of staleness depends upon the facts of each case. (*People* v. *Hernandez* (1974) 43 Cal.App.3d 581, 586 [118 Cal.Rptr. 53].)

In support of his challenge to the search, defendant cites *Hemler* v. *Superior Court* (1975) 44 Cal.App.3d 430 [118 Cal.Rptr. 564]. There, narcotic agents were informed one John Dilly would be selling cocaine from his residence to an informant on a certain date. Thirty-four days after the sale, an agent executed an affidavit setting forth the above facts, and a warrant to search the residence was issued. (*Id.,* at p. 432.) On appeal, the court found the information to be impermissibly stale, as no information was presented to the magistrate concerning prior or subsequent narcotic sales. (*Id.,* at p. 433.) The case is factually inapposite. Rather than dealing with the often highly transitory activity of the sale of a substance such as cocaine or heroin (see *People* v. *Thompson* (1979) 89 Cal.App.3d 425 [152 Cal.Rptr. 495]; *People* v. *Hernandez, supra,* 43 Cal.App.3d 581), we are

presented with the cultivation of marijuana. The presence of an irrigation system and the immaturity of the plants leads to the reasonable inference that the plants would still be growing there one month after they were seen by Ott. The activity is continuing, rather than a one-time or irregular occurrence. (See, e.g., *People* v. *Wilson* (1968) 268 Cal.App.2d 581, 589 [74 Cal.Rptr. 131].)

Defendant also relies upon *People* v. *Pellegrin* (1977) 78 Cal.App.3d 913 [144 Cal.Rptr. 421]. The reliance is misplaced. In *Pellegrin,* the affidavit in support of the search warrant stated the affiant, a police officer, saw in plain view one three-foot marijuana plant in the defendant's backyard. He stated the plant did not appear to be growing wild. The officer knew from experience that those who cultivated marijuana possess quantities of it, often hidden within their residence. (*Id.,* at p. 915.) On the basis of this information, a warrant was issued to search the defendant's residence. The reviewing court reversed, finding the affidavit was insufficient to show the one marijuana plant was not growing wild. Without a persuasive showing of that fact, it could not be inferred the defendant had marijuana in his residence. (*Id.,* at p. 917.) Defendant has wisely avoided arguing that the one-hundred plants seized here, placed in holes three to four feet apart, were growing wild. The only reasonable conclusion to be reached from Ott's observation was that marijuana was being purposefully cultivated.

 A magistrate's finding of probable cause to issue a search warrant will be disturbed on appeal only if the affidavit fails as a matter of law to set forth sufficient competent evidence to support the findings. (*In re Jean M.* (1971) 16 Cal.App.3d 96, 102 [96 Cal.Rptr. 679].) All legitimate inferences will be indulged to uphold the findings of the trial court. (*Leonard* v. *Rose* (1967) 65 Cal.2d 589, 593 [55 Cal.Rptr. 916, 422 P.2d 604].)

 Here, the information supplied by Ott was between four and six weeks old at the time the first warrant was issued. Ott had observed the marijuana plants in a very early stage of growth. In its ruling on defendant's motion to suppress, the trial court found the information was not stale "considering the size of the plants when first seen."

Under the circumstances, the information was not impermissibly stale at the time the warrants were issued.

**II***

. . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1166.

The judgment is affirmed.

Puglia, P. J., Sparks, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 5, 1985.