[No. A060751. First Dist., Div. Two. Jan. 21, 1994.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY McDANIELS, Defendant and Respondent.

1562

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Gerald A. Engler, Deputy Attorneys General, for Plaintiff and Appellant.

Jay B. Gaskill, Public Defender, and Scott Spear, Assistant Public Defender, for Defendant and Respondent.

## OPINION

PHELAN, J.—The People appeal an order dismissing an information which charged respondent, Anthony McDaniels, with possession of cocaine base for sale (Health & Saf. Code, § 11351.5) on April 15, 1992. The dismissal was ordered on the court's own motion after it granted an evidence suppression motion and the People then indicated they were unable to go forward with the case. We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 10, 1992, Oakland Police Officer Steven Kryger obtained a search warrant for the Subway Sandwich Shop located at 1312 Broadway in the City of Oakland. The warrant was authorized and signed by Judge Vernon Moore.

In pertinent part, the affidavit in support of the warrant recited: "Within the past seventy-hours, affiant met with an untested informant who . . . must be referred to as X. X told me that X knows of persons selling rock cocaine from the Subway Sandwich Shop at 1312 Broadway." The affidavit recited the details of law enforcement officers driving X to the sandwich shop where he purchased one rock of cocaine from a person named Tony. Officer Kryger's affidavit concluded: "From the information contained in this affidavit, affiant has informed [*sic*] the opinion that cocaine and proceeds from narcotics sales are currently located inside the Subway Sandwich Shop at 1312 Broadway, Oakland, CA and cocaine and proceeds from narcotics sales are in the possession of Tony." The typed affidavit concluded by reciting, "Subscribed and sworn before me on _____." The date, April 10, 1992, was inserted in handwriting by Judge Moore. The time of day is not indicated. It was followed by the signatures of Officer Kryger and Judge Moore.

Respondent's motion to suppress pursuant to Penal Code section 1538.5 was heard on January 15, 1993. On February 5, 1993, the court granted the motion and dismissed the information.[1]

### DISCUSSION

#### I

In announcing its ruling, the trial court found the search warrant affidavit was fatally defective because it failed to contain, on its face, an express

[1]At the evidentiary hearing, considerable focus was on a subsequent search of appellant's residence and on the issue of consent. The court below did not address this issue and thus we have no occasion to do so either.

reference date linked to the phrase, "[w]ithin the past seventy-hours." The court concluded that the handwritten entry reflecting the date the affidavit was executed was insufficient to provide a time reference. The court opined, "given the date of issuance of the warrant as being the date when it was dated by the magistrate, . . . I have no earthly way of knowing what date or dates the affiant was referring to in the preparation of the warrant, and I submit from the document presented to the court neither did the magistrate. And for that reason I am going to grant the motion."

■ A magistrate's determination of probable cause is entitled to great deference by reviewing courts. (*Illinois* v. *Gates* (1983) 462 U.S. 213, 236 [76 L.Ed.2d 527, 546-547, 103 S.Ct. 2317].) A court reviewing the sufficiency of an affidavit on which a search warrant is issued, should not conduct a de novo review of the evidence. (*Ibid.*) Rather, the magistrate's determination of probable cause should be disturbed on review only if the affidavit fails as a matter of law to set forth sufficient competent evidence to support the magistrate's finding of probable cause. (*People* v. *Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961]; *People* v. *Benjamin* (1969) 71 Cal.2d 296, 302 [78 Cal.Rptr. 510, 455 P.2d 438]; *People* v. *Brown* (1985) 166 Cal.App.3d 1166, 1170 [212 Cal.Rptr. 907].)

■ Probable cause to search exists when all the circumstances set forth in the affidavit demonstrate a fair probability that contraband or evidence of a crime will be found in a particular place. (*Illinois* v. *Gates, supra*, 462 U.S. at p. 238 [76 L.Ed.2d at p. 548].) The element of time is crucial to the concept of probable cause. (*United States* v. *Johnson* (10th Cir. 1972) 461 F.2d 285, 287.) An affidavit supporting a search warrant must provide probable cause to believe the material to be seized is still on the premises when the warrant is sought. (*Sgro* v. *United States* (1932) 287 U.S. 206, 210 [77 L.Ed. 260, 262-263, 53 S.Ct. 138, 85 A.L.R. 108]; *People* v. *Mesa* (1975) 14 Cal.3d 466, 470 [121 Cal.Rptr. 473, 535 P.2d 337]; *Alexander* v. *Superior Court* (1973) 9 Cal.3d 387, 393 [107 Cal.Rptr. 483, 508 P.2d 1131].) Exact dates are not essential if the time can be inferred from the information in the affidavit. (*People* v. *Superior Court (Johnson)* (1972) 6 Cal.3d 704, 713 [100 Cal.Rptr. 319, 493 P.2d 1183]; *People* v. *Wachter* (1976) 58 Cal.App.3d 911, 916 [130 Cal.Rptr. 279].) A "grammarian's interpretation" of the language of an affidavit is not required and the rules of grammar "do not prevail over a common sense and realistic interpretation of the entire supporting affidavit." (*People* v. *Smith* (1980) 108 Cal.App.3d 843, 850-851 [166 Cal.Rptr. 778].)

■ Assessing the affidavit in this case by these standards, we conclude that the magistrate, Judge Moore, when presented with a sworn statement

that a suspect had sold cocaine "[w]ithin the past seventy-hours" could and would rationally infer that the sale took place within 70 hours of the time the affidavit was presented and sworn to before him. (See, e.g., *United States* v. *Harris* (1971) 403 U.S. 573, 579 [29 L.Ed.2d 723, 731, 91 S.Ct. 2075] [court held it was reasonable for the issuing magistrate to conclude that the statement that an informant had purchased illicit whiskey " 'within the past two weeks' " could well include purchases up to the date of the affidavit].)

Additionally, the reasonableness of this inference is bolstered by the further statement in the affidavit that it was the affiant's opinion that "cocaine and proceeds from narcotics sales are *currently* located inside the . . . Sandwich Shop." (Italics added.) This reasonably and literally suggests that the illegal activity was occurring "at the very time when the affidavit was made." (*People* v. *Wachter, supra,* 58 Cal.App.3d at p. 918.) While an issuing judge should not rely solely on the use of the present tense (*Rosencranz* v. *United States* (1st Cir. 1966) 356 F.2d 310, 316), it properly can add to a belief that the things to be seized are still on the premises. (See, e.g., *People* v. *Wachter, supra,* 58 Cal.App.3d at p. 920 [affidavit stating that the contraband was "now" in the suspect's possession further strengthened the magistrate's conclusion that the marijuana crop was still present when the affidavit was made]; *People* v. *Nelson* (1959) 171 Cal.App.2d 356, 359 [340 P.2d 718] disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842 [52 Cal.Rptr. 4, 415 P.2d 819] [warrant is sufficient "where the affidavit states no exact date but is based upon the observation of the affiant, and the offense being committed was stated in the present tense"]; *People* v. *Tillman* (1965) 238 Cal.App.2d 134, 139 [47 Cal.Rptr. 614] [the allegation that the informant " 'has been purchasing' " indicates very recent, if not present, activity].) Thus, we reject respondent's contention that the affidavit is "dateless."

What the court below implied by its use of the phrase "earthly way," we do not know. Perhaps it was meant to suggest that only "celestial" or other such assistance would yield the temporal reference point of the affidavit. The law, however, mandates that the court apply a "common sense and realistic" construction to the affidavit. (*United States* v. *Ventresca* (1965) 380 U.S. 102, 108 [13 L.Ed.2d 684, 688-689, 85 S.Ct. 741].) We agree with the People that a "common sense" approach easily reveals the reference point to be the time when the affidavit was signed. The lower court's analysis can only be viewed as "hypertechnical" and it manifests the "grudging or negative" attitude toward search warrants which both the United States Supreme Court and our Supreme Court have condemned. (*Illinois* v. *Gates,*

*supra,* 462 U.S. 213, 236 [76 L.Ed.2d 527, 546-547]; *People* v. *Mesa, supra,* 14 Cal.3d at p. 469.)[2]

## II

■ There is a separate and independent ground for reversal. At the hearing on respondent's suppression motion, the People relied upon the *Leon* good faith exception. (*United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405].) The court below failed to rule explicitly on this clearly presented issue. We assume it was impliedly rejected. That rejection was also wrong.

■ *Leon* held that the exclusionary rule should not be applied if an officer conducts a search while acting in "objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid." (*People* v. *Maestas* (1988) 204 Cal.App.3d 1208, 1214 [252 Cal.Rptr. 739].) "In most cases, the fact that a warrant was issued by a neutral and detached magistrate will suffice to establish that the officer has acted in good faith in conducting the search." (*People* v. *Spears* (1991) 228 Cal.App.3d 1, 19 [278 Cal.Rptr. 506].) *Leon* applies an objective standard which "requires officers to have a reasonable knowledge of what the law prohibits." (468 U.S. at p. 920, fn. 20 [82 L.Ed.2d at p. 697].) "Where the affidavit is sufficient to create disagreement among thoughtful and competent judges, the officer's reliance on the magistrate's determination of probable cause should be deemed objectively reasonable." (*People* v. *Spears, supra,* 228 Cal.App.3d at pp. 19-20.) ■ When the affidavit is considered under these rules we conclude that, even if it is assumed to be "dateless," Officer Kryger reasonably would believe there was probable cause to search, and the *Leon* good faith exception applies.

At a minimum, the facts of this case establish "that a well-trained officer reasonably could have believed that the affidavit presented a close or debatable question on the issue of probable cause." (*People* v. *Camarella* (1991) 54 Cal.3d 592, 606 [286 Cal.Rptr. 780, 818 P.2d 63].) Indeed, the

---

[2]If the text of this opinion sounds familiar to the parties and the court below, it should. Much of it is simply taken from the unpublished opinion by Division Four in *People* v. *Fanney* (Nov. 30, 1990) A049446, involving the identical issue, the same court and counsel. While the court below believed it was "chastened" and "criticized" by that opinion, it nevertheless declined to follow it. We recognize the court was free to do so since an unpublished opinion is "without any precedential value or binding force" (*Barber* v. *Superior Court* (1991) 234 Cal.App.3d 1076, 1082 [285 Cal.Rptr. 668]) and may not be "relied on by a court . . . in any other action" (with exceptions not pertinent here). (Cal. Rules of Court, rule 977(a), (b).) However, the analysis in an unpublished opinion may properly be considered. (See *Cynthia D.* v. *Superior Court* (1993) 5 Cal.4th 242, 254, fn. 9 [19 Cal.Rptr.2d 698, 851 P.2d 1307].)

facts of this case are neither "close" nor "debatable." Officer Kryger testified he prepared the affidavit on the same day he presented it to Judge Moore (April 10), and it was served five days later.[3] Viewed objectively, we conclude Officer Kryger would believe that the warrant he obtained was valid. (See *Bay* v. *Superior Court* (1992) 7 Cal.App.4th 1022, 1028-1031 [9 Cal.Rptr.2d 339] [deficient description of items to be seized cured by good faith exception]. This is not a case where "well-intentioned tyros" or officers with the "least competence" are being allowed to trifle with the Fourth Amendment. (*Bailey* v. *Superior Court* (1992) 11 Cal.App.4th 1107, 1114 [15 Cal.Rptr.2d 17] [insufficient indicia of probable cause so apparent such that reliance upon warrant unreasonable].) We are satisfied that an officer exercising reasonable professional judgment would not question the validity of the warrant.

## CONCLUSION

The orders dismissing the information and suppressing the evidence seized pursuant to the warrant are reversed.

Smith, Acting P. J., and Benson, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 21, 1994. Mosk, J., was of the opinion that the petition should be granted.

---

[3]Respondent makes no claim that delay in service rendered the warrant "stale." (See *People* v. *Hernandez* (1974) 43 Cal.App.3d 581, 590 [118 Cal.Rptr. 53]; *People* v. *McCarthy* (1978) 79 Cal.App.3d 547, 552 [144 Cal.Rptr. 822].)