Filed 12/28/21  P. v. Wyllie CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHEYENNE RAY WYLLIE,<br><br>    Defendant and Appellant. | F080092<br><br>(Tulare Super. Ct. No. VCF333753)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, and Jennifer Oleska, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant and defendant Cheyenne Ray Wyllie was driving under the influence of alcohol when she crashed into a vehicle, killing two people. She entered into a plea agreement whereby she pled no contest to several crimes, including two counts of murder. The plea agreement was reached after the court denied defendant's motion to suppress evidence found on her cell phone. Defendant appeals, contending the trial court erred in denying the motion to suppress. We affirm the judgment.

## BACKGROUND

In an amended information filed on October 15, 2018, defendant was charged with two counts of murder (Pen. Code, § 187, subd. (a)),[1] two counts of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), one count of driving under the influence causing injury (Veh. Code, § 23153, subd. (a)), and one count of driving with a blood-alcohol level in excess of 0.08 percent causing injury (Veh. Code, § 23153, subd. (b)). The final two counts each had enhancements for causing great bodily injury and driving with a blood-alcohol content in excess of 0.15 percent (§ 12022.7, subd. (a); Veh. Code, § 23578).

On April 25, 2019, defendant filed a motion to suppress data obtained from her cell phone. The trial court denied the motion on May 10, 2019.

Defendant entered a no contest plea as to all charges on August 9, 2019. Defendant admitted the enhancements of great bodily injury as to the other driver and driving with a blood-alcohol content exceeding 0.15 percent. The trial court struck the other great bodily injury enhancements.

The trial court sentenced defendant to 16 months for count 6, plus three years for the section 12022.7, subdivision (a) enhancement; a stayed (§ 654), concurrent term of four years on count 2; a stayed (§ 654), concurrent term of four years on count 4; a stayed

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

(*ibid*.), concurrent term of 16 months for count 5 plus three years for the section 12022.7, subdivision (a) enhancement, a consecutive term of 15 years to life for count 1, and a concurrent term of 15 years to life on count 3.

Defendant appeals.

**FACTS[2]**

### Incident and Arrest

On March 26, 2016, at approximately 10:00 p.m., a vehicle being driven by defendant crashed into a Honda Pilot at the intersection of Avenue 200 and Spacer Drive in Tulare County. California Highway Patrol Officer Lee responded to the scene of the crash and eventually determined that the accident occurred because defendant ran the stop sign applicable to westbound traffic on Avenue 200. In addition to the stop sign itself, defendant would have driven past an upcoming stop sign and "Stop Sign Ahead" markings on the roadway.

Both passengers of the Pilot died from blunt force trauma injuries, while the driver suffered numerous injuries requiring a four-month hospital stay.

During his conversation with defendant, Officer Lee noticed that she was confused about which way she had been traveling and emitted the odor of an alcoholic beverage. When asked if she had been drinking, defendant said she had two beers. Defendant claimed she stopped drinking at approximately 10:00 p.m.

Officer Lee conducted several field sobriety tests that defendant failed to adequately perform. Preliminary alcohol screening tests were also completed with the first test revealing a blood-alcohol content of 0.229 percent and second test showing 0.226 percent.

---

[2] Because the sole issue on appeal is the sufficiency of the warrant, we provide a limited factual summary. (See *People v. Clark* (2014) 230 Cal.App.4th 490, 493, fn. 2; see also *People v. Brown* (1989) 207 Cal.App.3d 1541, 1544.)

Officer Lee arrested defendant for driving under the influence. A blood test was performed on samples taken at approximately 12:26 a.m. The blood test showed defendant's blood-alcohol content to be 0.21 percent. Lee also seized a cell phone that defendant was holding in her hand when he first contacted her.[3]

### Search Warrant

On March 28, 2016, at 4:30 p.m., Officer Lee submitted a search warrant and affidavit for the cell phone possessed by defendant at the scene of the accident. The warrant sought 1) any videos, photographs, or digital images depicting defendant consuming alcohol or displaying signs of intoxication, 2) any type of communications tending to show that defendant was intoxicated or planning to consume alcohol, and 3) any type of communication tending to show a timeline for defendant's consumption of alcohol in the 24 hours prior to the accident. The search warrant applied only to "items" within these categories within the "timeframe" of 24 hours before the accident.

The affidavit in support of the search warrant detailed Officer Lee's training and experience of seven years as a peace officer, with a majority of his experience on road patrol. During his years of experience, he participated in numerous investigations involving DUIs and traffic collisions.

The affidavit described Officer Lee's investigation at the scene of the accident. Based upon his observations and experience, Lee believed defendant's driving may have been affected by talking or texting on her cell phone. He also went on to state:

> "Based on my training and experience, and conversations with other law enforcement investigators, I know that persons often times take photos of themselves on their cellular phones, and share those photos on social media websites. I know from training and experience and conversations with other law enforcement investigators that persons who consume alcoholic beverages will often times take photographs of themselves

___

[3] According to defense counsel, defendant's mother owned the cell phone. We will refer to it as defendant's cell phone.

consuming alcoholic beverages, and share them via their cellular phone to other person(s); or post those photos on social media websites to express their level of intoxication, the type of alcohol that is being consumed, photos of other persons that they are consuming alcohol with, and the location of the establishment where they are consuming alcohol. In this case, I have reasonable and probable cause to believe the cellular phone contains […] evidence of [defendant] engaging in the aforementioned acts and the contents in her cellular phone will show [defendant's] intent to knowingly operate a motor vehicle while under the influence of alcoholic beverage[s]. Additionally, I have reasonable and probable cause to believe the evidence obtained from [defendant's] cellular phone will support the following charges against [defendant]: [Vehicle Code sections 23153, subdivisions (a) and (b), and Penal Code section 191.5, subdivision (a)]."

The warrant was signed by Judge David C. Mathias and subsequently executed. The search of defendant's cell phone uncovered several relevant text messages. For example, at 9:11 p.m., several hours before the accident, a David S. sent a text message to defendant's phone said, " 'Ok well your [*sic*] obviously drunk so your [*sic*] not driving.' " There was a response from defendant's phone about two minutes later saying, " 'I am driving.' " Shortly thereafter, David S. send a text message saying, " 'You shouldn't be.' "

## DISCUSSION

Defendant contends the trial court erred by denying her motion to suppress evidence obtained from her cell phone because the warrant authorizing the search and seizure of her cell phone failed to establish probable cause. She argues this lack of probable cause resulted in a violation of the Fourth Amendment to the Constitution and the California Electronic Communications Privacy Act (ECPA). As explained below, we conclude the warrant was supported by probable cause and reject defendant's contentions.

## I.     Legal Principles and Standard of Review

The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." (U.S. Const., 4th Amend.) Under the ECPA, any person may move to suppress electronic information obtained or retained in violation of the Fourth Amendment.[4] (§ 1546.4, subd. (a).)

The "standard of probable cause is whether the affidavit states facts that make it substantially probable that there is specific property lawfully subject to seizure presently located in the particular place for which the warrant is sought. [Citations.]" (*People v. Cook* (1978) 22 Cal.3d 67, 84, fn. 6.) "In determining whether an affidavit is supported by probable cause, the magistrate must make a 'practical, common-sense decision whether, given all the circumstances set forth in the affidavit … there is a fair probability that contraband or evidence of a crime will be found in a particular place.' (*Illinois v. Gates* [(1983)] 462 U.S. [213,] 238.)" (*Fenwick & West v. Superior Court* (1996) 43 Cal.App.4th 1272, 1278.) "The affidavit must establish a nexus between the criminal activities and the place to be searched. [Citation.] 'The opinions of an experienced officer may legitimately be considered by the magistrate in making the probable cause determination.' [Citation.] However, an affidavit based on mere suspicion or belief, or stating a conclusion with no supporting facts, is wholly insufficient. [Citation.]" (*People v. Garcia* (2003) 111 Cal.App.4th 715, 721.) "Expert opinion may also be considered in

___

**4** Defendant argues that section 1546.1 subdivision (d)(2) also imposes a probable cause requirement on search warrants. However, that provision's probable cause requirement applies not to search warrants, but to court orders excepting information from an automatic sealing effected by that subdivision. (See § 1546.1, subd. (d)(2) [information obtained under warrant that is unrelated to the objective of the warrant shall be sealed "except pursuant to a court order …. A court shall issue *such an order* upon a finding that there is probable cause …"].)

Elsewhere, the ECPA effectively incorporates the requirements of the Fourth Amendment, which would include the probable cause requirement. (See § 1546.4, subd. (a).)

the totality of the circumstances analysis for probable cause. [Citation.]" (*U.S. v. Underwood* (9th Cir. 2013) 725 F.3d 1076, 1081.)

"On appeal from a denial of a motion to suppress evidence on Fourth Amendment grounds we review the historical facts as determined by the trial court under the familiar substantial evidence standard of review. Once the historical facts underlying the motion have been determined, we review those facts and apply the de novo standard of review in determining their consequences. Although we give deference to the trial court's factual determinations[,] we independently decide the legal effect of such determinations. [Citation.]' [Citation.]" (*People v. Mateljian* (2005) 129 Cal.App.4th 367, 373.)

"[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for … [concluding]' that probable cause existed. [Citation.]" (*Illinois v. Gates, supra,* at p. 238–239.) "On review, the search warrant affidavit is construed in a commonsense and realistic fashion[]" (*People v. Hernandez* (1994) 30 Cal.App.4th 919, 923), and its sufficiency must be judged on the totality of the circumstances contained therein (*People v. Andrino* (1989) 210 Cal.App.3d 1395, 1401).

Where, as here, the affidavit is the only evidence presented to the issuing magistrate, the warrant must stand or fall on the contents of the affidavit. (*U.S. v. Sherwin* (9th Cir. 1977) 572 F.2d 196, 198.) The Fourth Amendment does not prohibit the use of reasonable inferences drawn from evidence; it simply requires that such inferences be drawn by a neutral and detached magistrate. (*United States v. Ventresca* (1965) 380 U.S. 102, 106.) There is a strong preference for warrants, and a doubtful or marginal case must be resolved in favor of the warrant. (*Ibid.*)

A.    *Analysis*

The affidavit provided a "substantial basis" for finding probable cause existed.

As the officer investigating the accident, Officer Lee determined that defendant's car failed to heed a stop sign before hitting the victims' car. Lee further observed that defendant displayed objective signs and symptoms of alcohol intoxication, failed a field

7.

sobriety test at the scene of the accident, and admitted to consuming alcohol prior to the collision. This evidence provided a sufficient basis for Lee to believe that defendant committed the crime of operating a vehicle while under the influence.

Additionally, there was reason to believe that further evidence of that crime might be found on defendant's cell phone. Defendant was holding the cell phone immediately after the accident caused by her intoxicated driving. Officer Lee's training and experience established that people often use their phones to take photographs of themselves consuming alcoholic beverages. Together, these factors gave rise to probable cause that defendant might have had photographs of herself drinking alcoholic beverages before the collision. In other words, these factors indicated there was "a fair probability" (*Illinois v. Gates*, *supra*, 462 U.S. at p. 238) that evidence of a crime would be found on defendant's phone.

Defendant resists this conclusion, relying on the case of *People v. Pellegrin* (1977) 78 Cal.App.3d 913. In *Pellegrin*, the affidavit in support of the search warrant stated the affiant, a police officer, saw in plain view a three-foot marijuana plant next to the fence in the rear of the defendant's backyard. (*Id.* at p. 915.) He stated the plant did not appear to be growing wild. (*Ibid.*) A warrant was issued to search the defendant's residence based on this information. (*Id.* at p. 916.) The appellate court reversed, finding the affidavit insufficient to show that the marijuana plant was not growing wild. (*Id.* at pp. 917–918.) Absent some evidence of that fact, the appellate court held the magistrate could not infer the defendant had marijuana in his residence. (*Ibid.*)

Defendant says that the present affidavit was deficient like the one in *Pellegrin*. Specifically, the affidavit did not say that defendant had used her phone to: take any pictures, take pictures of her drinking, send/receive text messages, or post on social media. Moreover, the affidavit did not describe the circumstances in which defendant had been drinking. However, warrant affidavits " 'need not reflect the direct personal observations of the affiant ….' " (*United States v. Ventresca*, *supra*, 380 U.S. at p. 108.)

Affidavits can be supported by expert opinion "about the behavior of a particular class of persons" so long as it is shown the defendant belongs to that class. (*U.S. v. Underwood*, *supra*, 725 F.3d at pp. 1081–1082.) Here, Officer Lee's experience and training led to opine that a particular "class" of people (i.e., "persons who consume alcoholic beverages") often engage in a particular behavior (i.e., taking photographs of themselves consuming alcoholic beverages on their phone).[5] And there was ample evidence that defendant was in the relevant "class" of people, given that she failed field sobriety tests and displayed objective signs of intoxication.

Defendant argues that it does not require special training experience to know that people often use their cell phones to take "selfies" and sometimes post those selfies on the Internet. But that is not what the affidavit said. It said that people who consume alcoholic beverages often take photographs of themselves consuming alcoholic beverages and then share/post those photographs. If defendant means to argue that this fact is obvious, it would not be grounds for finding the warrant affidavit deficient. If defendant means to argue this fact is not obvious or even untrue, then her issue is with Officer Lee, who stated under penalty of perjury that his training and experience established that connection. The magistrate and trial court were entitled to rely on that competent evidence, even if defendant believes a contrary expert opinion is more accurate.

Finally, defendant cites *In re Ricardo P.* (2019) 7 Cal.5th 1113 and *People v. Frank* (1985) 38 Cal.3d 711, in arguing that a warrant may not be based on "boilerplate allegations" divorced from specific evidence. Defendant contends that in "every case" there is a possibility a person accused of a crime may have sent pictures or texts which

---

**5** Defendant says Officer Lee should have provided more specificity as to how his experience led him to know this fact, such as providing an "estimate about the frequency with which he had seen or heard about suspects using cell phones to take pictures or send incriminating texts in alcohol-related cases." However, requirements of "elaborate specificity" have no proper place in the law of search warrants. (*United States v. Ventresca*, *supra*, 380 U.S. at p. 108.)

have evidentiary value.  But the affidavit here employed a specific line of reasoning: people who drink alcoholic beverages often take pictures of themselves doing so.  We doubt this reasoning would apply with equal force to other criminal contexts. Regardless, we are only concerned with the fact that this line of reasoning suffices in the present case to raise a reasonable inference of probable cause.[6]

## DISPOSITION

The judgment is affirmed.


POOCHIGIAN, J.

WE CONCUR:


LEVY, ACTING P. J.


MEEHAN, J.

---

[6] Because we conclude the warrant was supported by probable cause, we need not determine whether a good faith exception would have applied.