Filed 3/30/23  P. v. Imschweiler CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN IMSCHWEILER,<br><br>    Defendant and Appellant. | A165073<br><br>(Sonoma County Superior Court,<br>Case No. SCR7224191) |

Appellant Ryan Imschweiler was convicted on a no contest plea to one count of possession of more than 600 images of child pornography in violation of Penal Code section 311.11, subdivision (c)(1). His no contest plea followed the denial of a motion to suppress evidence gathered in a search of his person and property pursuant to a warrant. He now appeals the denial of that motion to suppress. We affirm.

## I. BACKGROUND

### A. *Investigation*

On November 13, 2018, Santa Rosa Police Detective Rick Boehm sought a warrant to search appellant's person, residence, electronic devices, police academy locker, and vehicle, while investigating two child pornography tips. Detective Boehm requested to search any places, under appellant's dominion and control where child pornography could be reasonably found.

1

In support of the warrant, Detective Boehm included an affidavit, which in summary stated the following:

In November 2017, Detective Boehm received CyberTipline reports from the Internet Crimes Against Children and National Center for Missing and Exploited Children systems, which identified two separate child pornography uploads to an anonymous website. Detective Boehm reviewed the images accompanied by each tip.

The image associated with the first tip was uploaded on August 23, 2017, and depicted a nude, prepubescent girl with her buttocks and vagina exposed. The image associated with the second tip was uploaded on October 13, 2017, and depicted a partially clothed prepubescent girl with her vagina exposed. The tip reports indicated the upload times and the IP address from which each image was uploaded.

On the strength of this affidavit, Detective Boehm obtained a search warrant for the IP address information. The return search warrant information from Comcast Cable Communications showed that both IP addresses were registered to Mrs. T. and showed a residential address in Santa Rosa.

**B. *Search of the T. Residence***

On November 7, 2018, Detective Boehm executed a search warrant for the IP address residence. Shortly thereafter, he spoke with the occupants, Mr. and Mrs. T. The couple denied viewing any child pornography. Detective Boehm searched their electronic devices and did not discover any child pornography. Mr. and Mrs. T. told Detective Boehm, however, that from May 2017 through August 2018, the period when both uploads occurred, they had rented a room in their house to appellant.

The couple also told Detective Boehm that, while appellant lived in their home, he possessed Internet accessible devices and access to their home

Internet connection. The couple told Detective Boehm they did not believe anyone other than themselves, their adult son, and appellant had access to their Internet connection during the times when the uploads occurred.

A check of personal background records relating to appellant turned up his new address, his vehicle registration, and his previous address, which matched the address of Mr. and Mrs. T.'s residence. Detective Boehm also confirmed appellant's attendance at a police academy.

### C. *Search of Appellant's Residence*

On November 9, 2018, Detective Boehm surveilled the new address registered to appellant, noted the presence of the vehicle registered in appellant's name and saw appellant at the address. He then sought a warrant supported by an affidavit sworn by him, this requesting authorization to search appellant's person and property.

In the affidavit, Detective Boehm stated that he had been a police officer for nearly 16 years. He said he had conducted hundreds of investigations, received numerous advanced Police Officer Standards and Training certifications, and completed training on sexual assault and child abuse investigations, as well as search warrant training.

Detective Boehm stated that based on his training, experience, and discussions with other officers, people who possess child pornography rarely delete the images, if ever. Detective Boehm explained that such people treat child pornography images as keepsakes and prized possessions.

Detective Boehm further noted that even if the images were deleted, they were easily retrievable through peer-to-peer file sharing services and that the images may be stored in hard drives and other storing devices. Additionally, he requested a 90-day delay between the issuance of the warrant and notification to the Santa Rosa Police Department and Comcast

3

Cable Communications to avoid notifying appellant that he was under investigation.

On November 14, 2018, Detective Boehm and assisting officers executed the search warrant. Upon contacting appellant, appellant consented to the search of his residence and vehicle. Officers recovered appellant's electronic tablet, which contained thousands of child pornography images.

### D. *Motion To Quash and Ruling*

Appellant filed a motion to quash the warrant and suppress the evidence of the child pornography obtained pursuant to the search of his home.

Appellant argued the warrant lacked probable cause because it did not set forth any information that appellant, specifically, possessed child pornography and it omitted the fact that Mr. T. "dealt with and counseled" pornography addicts.

Due to the delay between collection of allegedly suspicious information upon execution of the first search warrant in 2017 and the application for the subsequent warrant in 2018 seeking authorization to search appellant and his property, appellant also asserted the warrant targeting him was based on stale information and was not executed in good faith.

The prosecutor argued that the affidavit established sufficient probable cause; that Detective Boehm's investigatory expertise—and specifically his observation about hoarding behavior by collectors of child pornography— overcame any staleness concerns; and that the good faith exception under *United States v. Leon* (1984) 468 U.S. 897, applied in any event.

At the hearing on the motion, the parties reiterated their arguments. The court denied appellant's motion, finding the information provided in Detective Boehm's affidavit was sufficient to establish probable cause. In so

4

ruling, the court found that the warrant was not stale given the information that persons who possess child pornography maintain possession of the images for a lengthy period of time. The court found the omission that Mr. T. counseled people with pornography addictions was immaterial.

The court stated that as "there were two separate [uploads] or information about two separate [uploads] during this period of time, there was confirmation that those were child pornography . . . , that the [couple's] electronics were searched, there was no child pornography located on their electronic devices and that [appellant] was living there during the period of time of which both [uploads] were said to have occurred, the Court believes that that's sufficient for probable cause."

Alternatively, the court concluded that even if the warrant lacked probable cause, Detective Boehm executed the search warrant in good faith.

## II. DISCUSSION

"When reviewing issues relating to the suppression of evidence derived from governmental searches and seizures, we defer to the court's factual findings, express or implied, where supported by substantial evidence. [Citation.] To determine whether, based on the facts so found, a search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Fayed* (2020) 9 Cal.5th 147, 186.)

Probable cause exists when, based on the totality of the circumstances described in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 238 (*Gates*); accord *People v. Kraft* (2000) 23 Cal.4th 978, 1040–1041 (*Kraft*).) Probable cause "is less than proof beyond a reasonable doubt [citation]; less than a preponderance of the evidence [citation]; and less than a prima facie showing [citation]." (*People v. Tuadles* (1992)

5

7 Cal.App.4th 1777, 1783.) It requires only a " 'substantial chance' " rather than an actual showing of criminal activity. (*Ibid*.)

The governing test is "whether the magistrate ha[s] a substantial basis for concluding a fair probability existed that a search would uncover wrongdoing." (*Kraft*, *supra*, 23 Cal.4th at p. 1040, citing *Gates*, *supra*, 462 U.S. at pp. 238–239.) In the first instance below, the " 'issuing magistrate . . . simply . . . make[s] a practical, common-sense decision' " as to whether probable cause is present. (*People* v. *Carrington* (2009) 47 Cal.4th 145, 161 (*Carrington*).) This is not an isolated inquiry but, rather, an evaluation of the totality of the circumstances. (*Gates*, *supra*, 462 U.S. at p. 233.)

On appeal, we look through the trial court's decision and review the decision of the magistrate. The governing legal principles are the same, except we give a measure of deference to the magistrate's assessment of the factual record. While exercising our independent judgment on the magistrate's ultimate legal conclusion that probable cause supported the warrant application, we test the magistrate's determination of historical cases supporting that conclusion for substantial evidence. (*Kraft*, *supra*, 23 Cal.4th at p. 1040, citing *Gates*, *supra*, 462 U.S. at pp. 238–239.)

Renewing the arguments he made below, appellant contends the warrant lacked probable cause, arguing that the affidavit was based on stale information and did not establish that appellant, specifically, possessed child pornography rather than another person who may have had access to the T.'s home Internet during the time in question. Appellant also argues that the court's alternative analysis under *Leon* was incorrect. We disagree with his first argument and have no occasion to reach the second.

6

On this record, we conclude it was reasonable for the magistrate who signed the search warrant to conclude that appellant was in possession of images of child pornography. The CyberTipline information was highly specific, detailing the exact time, location, and IP address of the uploaded images. There is no dispute that the images reported were indeed child pornography.

Detective Boehm then visited the home associated with the IP address, during which he learned only four people had access to the home's secured WiFi network during the time the uploads occurred. This effectively narrowed the investigation to the couple that lived in the home; a third person, their adult son, who visited there occasionally; and a fourth person, appellant, who lived in the home at the time.

Detective Boehm ruled out the couple after searching their electronic devices and finding no child pornography. That appellant was the only other person living in the home at the time in question and had access to the Internet, provided a substantial basis for the magistrate to conclude that there was a fair probability a search of appellant's possessions would uncover the pornographic images.

Detective Boehm's knowledge and experience as stated in the affidavit further provided probable cause supporting the warrant. Detective Boehm had been a police officer for nearly 16 years. He received extensive training, totaling 80 hours, on child abuse and sexual assault crimes. He also received over 30 hours of search warrant training, teaching him exactly when probable cause could be found.

Based on his training and experience, Detective Boehm was familiar with the characteristics of individuals who produce, trade, or possess child pornography images. Detective Boehm stated in the affidavit that such

7

individuals "rarely, if ever, dispose of sexually explicit images of minors because the images are treated as prized possessions."

The issuing magistrate was entitled to credit the officer's experience and statements, and any inferences resulting therefrom, when analyzing probable cause. (*People v. Williams* (2017) 15 Cal.App.5th 111, 125 [" '[L]aw enforcement officers may draw upon their expertise to interpret the facts in a search warrant application, and such expertise may be considered by the magistrate as a factor supporting probable cause' "], quoting *People v. Nicholls* (2008) 159 Cal.App.4th 703, 711.)

Detective Boehm's expertise, when considered in conjunction with the facts related to the uploads, gave rise to a fair probability appellant had committed the crimes in question. As the affidavit identified the child pornography images, provided the exact time, IP address, and location where the images were uploaded, established that appellant lived in the residence at the time, and stated that individuals who possess such images rarely discard them, the affidavit sufficiently provided probable cause that evidence of child pornography would be found in appellant's possession.

Appellant maintains nevertheless that the warrant was deficient in several regards. He argues that Boehm's affidavit did not report whether the couple was "questioned about other individuals (e.g., friends, acquaintances, relatives, etc.) who may have visited the [T.'s] residence during the relevant time period, or who had access to their Internet service. It did not disclose whether the computer network used by the [T.'s] computers and electronic devices could be access[ed] by someone who, for example, parked their car near the [T.'s] house and used their 'open wifi.' " He also points out that there was no allegation that appellant was observed using the Internet in the residence.

Probable cause does not require that the affidavit rule out any other suspects. The affidavit need only establish a " 'substantial chance' " that evidence of criminal activity would be found among appellant's possessions. (*People v. Tuadles*, *supra*, 7 Cal.App.4th at p. 1783.) Probable cause does not require an affirmative showing that appellant is guilty of the charge, just that there is a fair probability a crime is being committed.

Detective Boehm stated in his affidavit that Mr. and Mrs. T. told him no one aside from appellant and themselves had access to their Internet during the time the images were uploaded. After confirming Mr. and Mrs. T. did not possess child pornography, the only reasonable person to investigate was appellant. These facts provided the magistrate the basis to conclude there was a fair probability that appellant would be in possession of child pornography.[1]

As to appellant's contention that the omission of Mr. T.'s counseling of pornography addicts rendered the affidavit unreliable as a basis to search appellant, that is simply a variation on appellant's other third-party culpability arguments. It indicates he may have had a defense at trial, not that probable cause was lacking to justify issuance of a warrant directed to him.

Citing *United States v. Zimmerman* (3rd Cir. 2002) 277 F.3d 426 and *Dougherty v. City of Covina* (9th Cir. 2011) 654 F.3d 892, appellant argues that the affidavit was insufficiently specific and failed to tie him to the

[1] Although at the preliminary hearing, Detective Boehm added the detail that Mr. and Mrs. T. also mentioned their adult son as a person with access to their Internet connection during the relevant period—an omission from the affidavit we find troubling—appellant conceded at oral argument that that simply meant there was also probable cause for a search of the adult son. The People had no obligation to choose which suspect to investigate first.

evidence Detective Boehm had of uploaded child pornography. The cases are distinguishable.

In *Zimmerman*, the search warrant sought evidence of adult pornography and child pornography. (*United States v. Zimmerman, supra*, 277 F.3d at p. 429.) But the affidavit supporting the warrant indicated only that there had been one video clip of adult pornography accessed via the Internet in the defendant's home. (*Ibid*.) Finding that the affidavit provided insufficient probable cause to search for child pornography, the court found that "there was absolutely no information in the affidavit or anywhere else indicating that child pornography was—or ever had been—located there." (*Id*. at p. 433.)

In *Dougherty*, the Ninth Circuit held that a warrant to search the defendant's home electronics for child pornography lacked probable cause because the affidavit provided no allegation regarding any child pornography discovered or implicating appellant's computer or electronic use. (*Dougherty v. City of Covina, supra*, 654 F.3d at p. 895.) The only basis for the warrant was allegations of an attempted molestation and inappropriate touching. The affidavit contained no facts tying the acts of Dougherty as a possible child molester to his possession of child pornography. (*Id*. at p. 898.)

Here, on the other hand, the affidavit identified specific child pornography images, established that child pornography was indeed uploaded onto the Internet, and alleged that the images were uploaded from the exact residence in which appellant lived and had Internet access.

The affidavit also pointed specifically to the likely means of storage. Detective Boehm explained in his affidavit that these kinds of images are usually stored in hard drives and other storing devices and thus easily retrievable. The tendency for child pornography to be retained made it likely

10

these are the locations where such material would be found, and Detective Boehm had information that appellant possessed devices that could be used for that purpose.

In addition, there was a temporal component to the information Detective Boehm reported that was relevant here. He stated that the uploads occurred nearly two months apart. From that, the issuing magistrate could reasonably conclude these uploads were a periodic part of appellant's routine. (See *People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1718–1720 [holding that information found between two to four years before the execution of the warrant was sufficient because the evidence related to ongoing criminal activity].)

Appellant contends that nothing in Detective Boehm's affidavit placed him "within the category of 'people who produce, trade, distribute or possess images/pictures of minors engaged in sexually explicit conduct.' " The totality of the circumstances outlined in the affidavit supported the magistrate's finding that probable cause supported the warrant.

Finally, appellant reiterates his staleness argument. Contending that evidence gathered in November 2017 cannot supply probable cause for a search warrant in November 2018, appellant argues that the information in the affidavit was stale. We do not agree. While appellant's premise about stale information is correct (*People v. Hulland* (2003) 110 Cal.App.4th 1646, 1652), "[n]o bright-line rule defines the point at which information is considered stale" (*Carrington*, *supra*, 47 Cal.4th at p. 163, citing *People v. Brown* (1985) 166 Cal.App.3d 1166, 1169). And on this record, we are not persuaded that his legal conclusion about stale information is correct.

Staleness is a highly fact-specific inquiry. (*Carrington*, *supra*, 47 Cal.4th at p. 163.) To determine whether information is stale, courts

consider the " 'character of the crime . . . , of the criminal . . . , of the thing to be seized . . . , [and] of the place to be searched . . . ,' " all of which are highly variable. (*People v. Wilson* (1986) 182 Cal.App.3d 742, 754.) "Substantial delays do not render warrants stale where the defendant is not likely to dispose of the items police seek to seize." (*People v. Stipo* (2011) 195 Cal.App.4th 664, 672.)

Information will not be rendered stale " '[i]f circumstances would justify a person of ordinary prudence to conclude that an activity had continued to the present time.' " (*Carrington*, *supra*, 47 Cal.4th at p. 164, quoting *People v. Hulland*, *supra*, 110 Cal.App.4th at p. 1652; see *People v. Mikesell*, *supra*, 46 Cal.App.4th at pp. 1718–1719 [holding that information found between two to four years before the execution of the warrant was not stale because evidence related to ongoing criminal activity].)

As our Sixth District colleagues in *People v. Rowland* (2022) 82 Cal.App.5th 1099, recently explained, "Courts have recognized that persons who possess child pornography are likely to retain it for lengthy periods." (*Id.* at p. 1121.) The *Rowland* court cited an array of cases, including *United States v. Wagner* (10th Cir. 2020) 951 F.3d 1232, 1246 ("Courts are less receptive to staleness challenges when the warrant concerns child pornography because 'persons interested in those materials [are likely to hoard them] in the privacy of their homes . . . for significant periods of time.' "), and *United States v. Irving* (2d Cir. 2006) 452 F.3d 110, 125 ("When a defendant is suspected of possessing child pornography, the staleness determination is unique because it is well known that 'images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes.' ").

Nor are we persuaded that Detective Boehm's affidavit lacked the necessary foundation in specially trained expertise to justify crediting his observation about hoarding behavior. Detective Boehm stated in his affidavit that he received child abuse and sexual assault investigation training. He was a 15-year police officer and was assigned to the Sex Crimes and Domestic Violence team. This was a highly experienced officer, with considerable specialized training in sex offenses.

Even assuming arguendo that an admissible expert opinion was necessary to provide a foundation for Detective Boehm's observation about hoarding behavior by collectors of child pornography—an assumption we do not necessarily accept, in light of the recognition of this phenomenon by many courts—the magistrate could reasonably conclude on this record that Detective Boehm's background experience provided sufficient foundation for an expert.[2]

_____

[2] Appellant contends that the language in Detective Boehm's affidavit opining about hoarding behavior is taken virtually verbatim, without attribution, from a source appellant describes as a guide written for law enforcement officers about how to prepare search warrant affidavits in child pornography cases. (Kreston, *Computer Search and Seizure Issues in Internet Crimes Against Children Cases* (2004) 30 Rutgers Computer & Tech. L.J. 327, 338–339.) While we certainly do not condone plagiarism, if that is what appellant means to suggest, all this shows—as pertinent to our Fourth Amendment inquiry—is that Detective Boehm held the same opinion as someone appellant describes as the author of guidebook material for the preparation of affidavits supporting child pornography search warrant applications. There was nothing substantively misleading about the opinion itself, as presented by Detective Boehm. Appellant complains that the guidebook author advocated for more individualized specificity than he contends Detective Boehm supplied, but the required level of specificity, as a Fourth Amendment matter, is something for courts to decide, not guidebook authors.

In summary, on this record, the affidavit provided to the magistrate established that two images of child pornography were uploaded to a chat site on two separate occasions. And the images were uploaded from a residence where appellant previously lived, during the period in which he lived there. The affidavit further stated that appellant owned a cell phone and computer with Internet capabilities and had access to the Internet at the time he lived at that address. This was enough to meet the test of probable cause.

Accordingly, we see no legal error in the issuing of the magistrate's conclusion that the facts in Detective Boehm's affidavit supplied probable cause for the challenged search.

### III. DISPOSITION

Affirmed.

STREETER, J.

WE CONCUR:

BROWN, Acting P. J.
WHITMAN, J.[*]

---

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14